IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Criminal No. 20-CR-1719-KG ) ) |
| **DOMINIC ALLAN MARKS,** | ) ) |
| Defendant. | ) |

## UNITED STATES' RESPONSE TO OBJECTIONS TO THE PSR AND REQUEST TO ADD ADDITIONAL ENHANCEMENT

The United States hereby responds to Defendant Dominic Allan Marks Objections to the Presentence Report, Doc. 31, and his sentencing memorandum, Doc. 32. Marks alleges that the repeat and dangerous sex offender against minor's enhancement under USSG § 4B1.5(b)(1), was not properly applied. Defendant is wrong. The Court should overrule Marks' objection and accept the plea agreement in this case and sentence him to 30 years.

## FACTUAL BACKGROUND[1]

On November 9, 2022, FBI obtained a federal search warrant for an address in Carlsbad, New Mexico, associated with an online account for a fetish website (hereinafter "Website 1") that had been discussing the sexual molestation of a 9-year-old minor living in the home, and sending child pornography of that minor, (hereinafter "Jane Doe-1"). After execution of the search warrant, FBI was able to verify that the adults living at the address, Joseph and Rachel Crutcher, had been sexually abusing children in their care (three children in total), and had been

---

[1] The United States is prepared to call witnesses at an evidentiary hearing to verify the facts asserted in this section.

communicating with others online to set up meetings for other individuals to sexually abuse Jane Doe-1.

Specifically, during a safehouse interview of V1—which occurred on November 10, 2022— Jane Doe-1 disclosed that the day prior, Joseph and Rachel took her to a Lowes's store parking lot in Carlsbad, New Mexico. They left the Lowes and then went to a park. While at the park they met up with a man, who she stated was called "Dan." According to Jane Doe-1, "Dan" had "ginger" colored hair with a beard and his hair was curly. Jane Doe-1 also stated that he had glasses. Jane Doe-1 stated "Dan" drove a white minivan. According to Jane Doe-1, she and Joseph and Rachel all got into "Dan's" white van at the park. "Dan" then did "adult things" with her mother in front of her. Following that, "Dan" pulled Jane Doe-1's shorts down and put his tongue in her vagina.

Both Rachel and Joseph Crutcher were charged federally with child exploitation crimes including, *inter alia*, production of child pornography, in violation of 18 U.S.C. § 2251(a). *See United States v. Joseph Crutcher et. al.*, 23-CR-00236-KG (D.N.M). Post-arrest, agents interviewed both Joseph and Rachel. Joseph and Rachel were interviewed separately. During Rachel's interview, she verified that on Wednesday, November 9, 2022, Rachel, Joseph, and Jane Doe-1 had met up with a man at the park who she knew as "Dan." She described Dan as approximately 5'8" to 5"10" and approximately between 118-160 pounds. She described Dan's hair as red and curly. She also said Dan wore glasses. Rachel explained that Dan drove a large white cargo van. During this encounter, Rachel said she received oral sex from Dan and engaged in sexual intercourse with Dan. She said Dan also performed oral sex on Jane Doe-1 and penetrated Jane Doe-1's vagina with his tongue. Rachel said the sexual encounters occurred in Dan's van. Rachel explained that Joseph set up the encounter with Dan, and Joseph masturbated during the encounter.

During Joseph's interview, he stated he had recently met an individual on Website 1 and stated he had sent pictures of Jane Doe-1 to that person. Joseph claimed he did not know that person's name. Joseph verified that he and Rachel and Jane Doe-1 met that individual, who drive a white utility vehicle, at park. Joseph verified that they all got into the white van, and he verified that the person who drove the white van performed oral sex on Rachel and Jane Doe-1.

When FBI executed a federal search warrant at the Crutcher's home on November 9, 2022, they seized, *inter alia*, Joseph's cell phone. During a forensic review of Joseph's cell phone, FBI located a contact called "Dan the Man." FBI conducted open-source investigation for the number saved under "Dan the Man," and were able to link that number to an individual named Dominic Allan Marks. FBI learned that Marks lived in Albuquerque, New Mexico and verified that 2016 White Ford Transit Van Connect, bearing New Mexico license plate BGPJ12, was registered to Marks. FBI pulled Marks driver's license photo. FBI verified that according to that photo, Marks matched the description of "Dan the Man" provided by both Rachel and Jane Doe-1. That photo was shown to Rachel who verified that was the individual she referred to as "Dan." The photo was also shown to Jane Doe-1 who also verified that was "Dan."

FBI also found a text message string on Joseph's phone with the number labeled as "Dan the Man." A brief text message conversation was observed that began on November 9, 2022, at 6:59 p.m. in which "Dan the Man" wrote, "Good evening. I'm the visitor tonight. I'm about 30 min away." At approximately 7:30 p.m., "Dan the Man" then wrote, "ok here. White van by the shop being constructed and delivery vans." Joseph replied, "Ok be in a second."

On November 16, 2022, a search warrant was executed at Marks' residence in Albuquerque, and he was initially arrested on state charges in Eddy County related to his molestation of Jane Doe-1. Marks was charged with criminal sexual penetration in the first degree of a child, in violation of NMSA § 30-9-11(D)(1). At least one video of child

pornography was later found on Marks computer. Law enforcement also discovered that Marks had initiated file wiping software on his devices and that software was running when agents executed the search warrant at his house.

Throughout the course of the investigation, law enforcement uncovered that Marks has molested multiple minors, including a minor as young as 5-years old. These facts are laid out in paragraph 57 of the PSR. Additionally, there is another instance of Mark sexually abusing another minor that is not included in the PSR. The United States attaches to this pleading an FBI report detailing the interview of another person who Marks molested when that person a minor as Exhibit 1.[2]

## PROCEDURAL BACKGROUND

On November 21, 2022, a federal arrest warrant was issued for Marks, and he was transferred to federal custody on that same date. Marks was charged enticement of minor, in violation of 18 U.S.C. § 2422(b). Docs. 1 & 2. On March 7, 2023, Marks pled guilty to a one-count Information, charging enticement of a minor, in violation of 18 U.S.C. § 2422(b). Marks entered into a plea agreement with the United States with a Rule 11(c)(1)(C) agreement to 30 years.

On April 28, 2023, the probation officer issued its presentence report ("PSR"). In it, the probation officer assessed Marks' total offense level to be 42, his criminal history category to be I, and his applicable guidelines range to be 360 months to life. PSR ¶ 95. In reaching this guidelines range, the probation officer applied a 5-level enhancement under USSG § 4B1.5(b)(1) for being a repeat and dangerous sex offender. Marks objects to that enhancement. In his objection, Marks fails to make any argument as to why the enhancement should not apply. As

---

[2] The United States will file a separate attachment notice for Exhibit 1 so that document can remain sealed.

will be explained in further detail below, the enhancement was correctly applied and the United States requests that the Court overrule Marks' objection and accept the plea agreement in this case and sentence Marks to 30 years.

## APPLICATION

*Repeat and Dangerous Sex Offender Enhancement Under USSG § 4B1.5(b)(1)*

The United States requests that the Court find that the five-level enhancement under USSG § 4B1.5(b)(1) was correctly applied in this case. Under that enhancement, "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.5 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) the offense level shall be **5** plus the offense level determined under Chapters Two and Three." *Id*.

The application notes make clear that a "covered sex crime" is an offense perpetrated against a minor under "chapter 117 [of title 18, United States Code]." USSG § 4B1.5 app. n. 2. Enticement of a minor under 18 U.S.C. § 2422(b) is an offense listed in Chapter 117 of title 18, Transportation for Illegal Sexual Activity and Related Crimes. Accordingly, Marks' instant offense is a covered sex crime. Additionally, neither § 4B1.5 nor subsection (a) of this guideline applies.

Next, Marks clearly engaged in a pattern of activity involving prohibited sexual conduct. This is a two-part determination. First, the application notes explain that "prohibited sexual conduct" means, *inter alia*, "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." USSG § 4B1.5 app. n. 4(A). Under 18 U.S.C. § 2426(b)(1)(B), any state crime conduct that would qualify as a violation of any statute under Chapter 109A of title 18 if committed on federal land counts. *Id*. Here, Marks engaged in sexual conduct with Jane Doe-1 that meets this definition.

Additionally, Marks molested at least three other minors with contact offenses that also meets this definition.

Second, this clearly meets the definition of "pattern of activity" because the application notes clarify that "the defendant engaged in a pattern of activity involving prohibited sexual conduct if *on at least two separate occasions*, the defendant engaged in prohibited sexual conduct with a minor." USSG § 4B1.5 app. n. 4(B)(i) (emphasis). Here, because Marks has molested multiple minors on multiple different occasions, the probation officer correctly applied the enhancement.

## SENTENCING JUSTIFICATION

As the Court is well aware, the sexual abuse of minors is deplorable, and these crimes leave lasting trauma and devastation to the children who endure them. A simple review of Jane Doe-1's victim impact statement bears this out. The United States requests that the Court accept the parties agreed sentence of 30 years because it falls within the correctly calculated guidelines range. While Marks conduct in this case is horrific, and his history is quite trouble, part of the consideration that went into offering an agreed sentence of 30-years was the knowledge that Jane Doe-1 would not be required to testify at a trial, and the swiftness with which this case could reach a resolution. For these reasons, the United States requests the Court accept the plea agreement and sentence Marks according to its terms.

## CONCLUSION

For the reasons stated above, the United States requests that the Court overrule Marks' objection to the USSG § 4B1.5(b)(1) enhancement. Accordingly, the Court should find that Marks' correct guidelines calculation is a total offense level 42, criminal history category I, with a range of 360 months to life. The United States requests the Court sentence Marks to 360 months.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically Filed 6/5/2023*
MARISA A. ONG
MATILDA McCARTHY VILLALOBOS
Assistant United States Attorney
200 N. Church St.
Las Cruces, NM 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

_____/s/_____
MARISA A. ONG
Assistant United States Attorney